Per cmimn
The jury had better give a special verdict that the law upon this point may be settled upon a deliberate decision. Etper Judge Haywood — I am inclined to think the priority of number, is of some weight in she decision of this case. It. will not do to say in case of rwo grants of espial date, that he shall prevail who is in possession. If. should be decided by some rule more satisfactory. In common cases, the date of the grant is resoplad to, although if is plain, that gives no certain proof of priority of execution ; for the grants aie made out ready for execution, and dated a long time bdbre the actual execution takes place. In fact, as the grants are sent in large numbers to the Governor’s Secretary to be executed, and are executed as they happen to come to hand, it may, and no doubt frequently does happen in fact, that a deed of latter date is first executed. Or suppose, they are dated by the Governor’s Secretary as they come to hand, after the execution, still it may happen, that a deed first executed, may be the last dated. But as some circumstance must be taken, the courts have adopted that of the date — and where that is found not to answer the purpose, some other circumstance, by parity of reason, should be resorted to, and priority of number is some evidence, though not conclusive, that the deed which has that circumstance in its favor, was first dated.
The jury found for the Plaintiff, and a new trial being moved for, Judge Wiiíiams was for granting it.; but Judge Haywood would not now deliver an opinion upon the motion, saying, a State grant might, be suspended at any time-, before it was cm oiled — which proven, that hefue.- enrolment, the grant v\ as not cnmphv i an! his differed from the case of the enrolment of a deed of bar *576 gain and sale, which could riot he prevented after the execution — that the point deserved consideration, and he would endeavor to form an opinion, when it should be argued hereafter upon this motion.
Note- As to the- first point rilled in this case, see Reynolds v Flinn, and the note thereto, ante 106. Upon the la^t point, -see Andrews v. Mulford, ante 311, and Riddick & Wife v. Legget, 3 Murph. 539.